■ KORES MANUFACTURING CORPORATION, Respondent, v. STANDARD PACKAGING CORPORATION, Appellant.— Orders entered on July 25, 1968 referring specified issues to a Special Referee and staying action by defendant against plaintiff, unanimously reversed on the law, with $30 costs and disbursements to appellant and the motion of plaintiff to settle the terms of a Statement is denied, with leave to renew, if available, upon completion of defendant's action for rescission and damages. No provision of the CPLR, treating of simplified procedures, permits the sending of issues to a Referee. (CPLR 3031–3037.) And if the underlying contract is challenged, as here, on the premise of fraud in the inducement, as distinguished from its making, the

simplified procedures are stalemated. The establishment of a valid written contract under the substantive law (CPLR 3033) is basic to the sections coming into play. The instant question can only be the subject of a plenary action wherein the parties may evoke all of the attendant pretrial procedures. Submission to the New York Simplified Procedure for Court Determination of Disputes is by contractual consent only and if the contract is vitiated, its terms are voidable. In the case before us, if the contract is found to be fraudulently induced, the plaintiff cannot pursue the simplified procedures. These procedures have been properly described as a form of "judicial arbitration". (Seventh Annual Report of N. Y. Judicial Conference, 1962, p. 94.) And "a court will enjoin arbitration (1) where fraud or duress, practiced against one of the parties, renders the agreement voidable". (See, *Matter of Exercycle Corp.* [*Marotta*], 9 N Y 2d 329, 334; also, *Sabo* v. *Delman*, 3 N Y 2d 155, 161.) Thus, if defendant maintains, as it does here in its action, that the underlying contract was fraudulently brought about, it cannot be held to have surrendered all the broad legal safeguards afforded it by the normal trial processes of a plenary trial, and which are circumscribed by the workings of the New York Simplified Procedure for Court Determination of Disputes, in the avowed purpose of achieving expedition. Concur — Steuer, J. P., Capozzoli, McGivern and McNally, JJ.