■ LIDO FABRICS, INC., Appellant, v CLINTON MILLS SALES CORP., Respondent.—Order, Supreme Court, New York County, entered on July 18, 1975, denying petitioner's application to stay arbitration, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Study of the record discloses that petitioner entered into a written agreement containing a broad arbitration clause. Claims of breach on the respondent's part, fraud in the inducement and change of credit terms are within the province of the arbitrators. CPLR 7501 specifically provides in pertinent part that "In determining any matter arising under [the arbitration] article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute". Patently, fraud in the inducement is an issue for the arbitrators under the arbitration clause herein as it is separable and valid (*Matter of Weinrott [Carp]*, 32 NY2d 190). Finally, it is well settled that "Once it be ascertained that the parties broadly agreed to arbitrate a dispute 'arising out of or in connection with' the agreement, it is for the arbitrators to decide what the agreement means and to enforce it according to the rules of law which they deem appropriate in the circumstances" (*Matter of Exercycle Corp. [Maratta]*, 9 NY2d 329, 334). Concur—Murphy, J. P., Lupiano, Capozzoli and Lane, JJ.

■ In the Matter of JOSE R. et al., Persons Alleged to be Juvenile Delinquents, Appellants.—Orders of disposition, Family Court, Bronx County, both entered July 8, 1975, placing respondents with the New York State Division for Youth, Title III (State Training School), unanimously reversed, on the law, and the cases remanded for new dispositional hearings, without costs and without disbursements. Study of the record warrants and the Corporation Counsel of the City of New York with commendable candor concedes that in the interest of justice, respondents-appellants be afforded new dispositional hearings. The absence of their mother, who had attended prior proceedings, and their inability to understand what was happening to them occasioned by the absence of a Spanish interpreter, were defects which fatally flawed the hearings. Concur—Stevens, P. J., Kupferman, Murphy, Lupiano and Tilzer, JJ.

■ In the Matter of MARIE TAFARO, Appellant, v LEONARD E. YOSWEIN et al., Respondents.—Judgment, Supreme Court, New York County, entered June 23, 1975, unanimously affirmed, without costs or disbursements. There was a substantial evidentiary basis to support the administrative determination made by respondent. The sending of respondent's decision to appellant rather than to counsel resulted in no prejudice to appellant, who was not thereby deprived of judicial review. Concur—Markewich, J. P., Tilzer, Lane and Nunez, JJ.