■ BAWI U. S. CENTER, INC., Appellant, v JOE BRAND, INC., Respondent. —Order, Supreme Court, New York County, entered March 16, 1976, unanimously reversed, on the law, and motion for settlement of statement pursuant to CPLR 3031 *et seq.* granted. Appellant shall recover of respondent $40 costs and disbursements of this appeal. The contract between plaintiff-appellant, a seller of merchandise, and defendant-respondent purchaser, contained a provision calling for use of our simplified procedure statute. A dispute arose concerning timeliness of delivery according to what appears to be no more than a "best efforts" clause, looking hopefully to delivery by a certain time. Defendant-respondent corporation, claiming fraud in the inducement of the agreement, rejected use of simplified procedure for this reason, citing *Kores Mfg. Corp. v Standard Packaging Corp.* (31 AD2d 622, 623), which, analogizing to arbitration, held: "Thus, if defendant maintains, as it does here in its action, that the underlying contract was fraudulently brought about, it cannot be held to have surrendered all the broad legal safeguards afforded it by the normal trial processes of a plenary trial, and which are circumscribed by the workings of the New York Simplified Procedure for Court Determination of Disputes, in the avowed purpose of achieving expedition." Special Term agreed, and denied the motion to settle the CPLR 3031 statement, which we hold to be error. The teaching of *Kores* no longer has applicability, having been superseded by the

later rule laid down in *Matter of Weinrott (Carp)* (32 NY2d 190, 198), which held: "When the parties to a contract have reposed in arbitrators all questions concerning the 'validity, interpretation or enforcement' of their agreement, they have selected their tribunal and no doubt they intend it to determine the contract's 'validity' should the necessity arise. Judicial intervention, based upon a nonseparability contract theory in arbitration matters prolongs litigation, and defeats * * * two of arbitration's primary virtues, speed and finality [citing cases]." We have heretofore followed this principle (e.g., *Lido Fabrics v Clinton Mills Sales Corp.,* 49 AD2d 869), and we do so now, continuing because of its parallel nature the analogy to arbitration pointed out in *Kores.* Nothing before us indicates any claimed fraudulent inducement of the simplified procedure clause itself, and the controversy is therefore to be adjudicated accordingly in its entirety. It is to be observed additionally that defendant corporation has taken a contradictory position in a protective suit commenced in its home State of Texas, asserting only breach of contract without any claim whatever of fraud. However, our holding is not based on this apparent anomaly. Concur—Stevens, P. J., Markewich, Kupferman, Birns and Lane, JJ.